# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**RONNY E. RIGSBY**                                                                **PLAINTIFF**

v.                                                                                No. 1:19CV63-GHD-RP

**JIM JOHNSON**
**JOH BRIAN HALL**
**NURSE JUDY**                                                        **DEFENDANTS**

## ORDER DENYING APPOINTMENT OF COUNSEL

The *pro se* plaintiff, Ronny E. Rigsby, seeks [15], [31] appointment of counsel to represent him this case brought under 42 U.S.C. § 1983. The instant motion is not well taken and should be denied.

There is no automatic right to counsel in a § 1983 case. *Wright v. Dallas County Sheriff's Department*, 660 F.2d 623, 625-26 (5th Cir. 1981); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Unless there are "exceptional circumstances," a district court is not required to appoint counsel to represent indigent plaintiffs in a civil action. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *see also*, *Feist v. Jefferson County Commissioners Court*, 778 F.2d 250, 253 (5th Cir. 1985). The court may base a decision whether to appoint counsel on many factors, including:

(1)     the type and complexity of the case;

(2)     the indigent's ability adequately to present and investigate his case;

(3)     the presence of evidence which largely consists of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses; and

(4)     the likelihood that appointment will benefit the indigent, the court, and the defendants by shortening the trial and assisting in just determination.

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (citation omitted); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

The court should make specific findings on each of the four *Ulmer* factors. *Jackson v. Dallas Police Dept.*, 811 F.2d 260, 262 (5th Cir. 1986). The first factor is the type and complexity of the case. A thorough, liberal review and construction of the pleadings reveals that there are no complex issues to be decided in the present case. The plaintiff claims that the defendants violated his right to due process when downgrading his custody level, denied him adequate medical care regarding his prosthetic leg and several ailments, and placed him in unconstitutionally harsh general conditions of confinement. The claims involve "matters that happened to [the plaintiff] personally," and there is nothing to suggest that he might not be able to represent himself adequately. *See Branum v. Chambless,* 250 Fed. Appx. 99, 104, 2007 WL 2909620, at 3 (Oct. 8, 2007). The fact that there are few defendants also reduces the danger that the number of defendants might complicate the issues in this case.

The court must also consider whether the indigent plaintiff is capable of adequately presenting his case without the assistance of counsel. The plaintiff has demonstrated his ability to file competent pleadings with this court, including the instant motion for appointment of counsel and the complaint itself. Hence, this factor does not weigh in favor of appointment of counsel.

*Ulmer* further directs that the court determine whether the plaintiff is in a position to adequately investigate the case. The plaintiff's incarceration does not necessarily impede the plaintiff's ability to adequately investigate his case. *Feist v. Jefferson County Com'rs Court*, 778 F.2d 250, 252-53 (5th Cir. 1985). In the present circumstances, the court finds that the plaintiff has not been unduly prejudiced by his incarceration. In a prisoner's § 1983 case such as this, discovery is limited. The court routinely requires the defendants to provide the plaintiff a copy of the documents relevant to this case. Therefore, no further investigation of the case through the discovery process

will be allowed, except upon motion and a showing of good cause, and the appointment of counsel would not aid plaintiff in this aspect of his case.

Finally, the facts of this case do not call for extraordinary skills in cross-examination or the presentation of evidence. After a review of the plaintiff's pleadings, the court concludes that the plaintiff is sufficiently capable of presenting his claims without the assistance of an attorney. There are no exceptional circumstances in this case which warrant the appointment of counsel because the crucial issues at trial will be the resolution of factual questions, such as the circumstances surrounding the alleged violation, and application of the prevailing law. The issues in this case would not be substantially sharpened by appointment of counsel to represent plaintiff, and the court is confident that a just determination will be reached even though the plaintiff is required to proceed *pro se*.

It is, therefore, **ORDERED** that plaintiff's motions [15], [31] for appointment of counsel are **DENIED**.

**SO ORDERED**, this, the 27th day of March, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE